OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Billy R. Reynolds, filed November 16, 2006. On November 2, 2006, Reynolds was indicted on two counts of abusing harmful intoxicants in violation of R.C. 2935.31. Ordinarily a first degree *Page 2 
misdemeanor, both counts were felonies of the fifth degree due to Reynolds' prior convictions for drug abuse offenses. See R.C.2935.31(B). On November 15, 2006, Reynolds entered a no contest plea on one count in exchange for the dismissal of the second count. The trial court subsequently found him guilty of the offense and sentenced Reynolds to a six-month prison sentence to run consecutive to a twelve-month sentence previously imposed in Case No. 06-CR-2654. It is from this judgment that Reynolds appeals.
 I {¶ 2} Reynolds' First Assignment of Error is as follows:
 {¶ 3} "THE TRIAL COURT [ERRED] IN FINDING THE DEFENDANT GUILTY ON A NO CONTEST PLEA "
 {¶ 4} Reynolds argues that the trial court was obligated under R.C.2937.07 to find him not guilty of the underlying offense if the prosecution's explanation of circumstances failed to state facts sufficient to establish all the elements of the offense. Specifically, Reynolds contends that the record must demonstrate that a sufficient explanation of circumstances was made before a trial court may make a finding of guilty on a no contest plea. He asserts that the trial court should have found him not guilty of the offense following his plea because no explanation of circumstances was made.
 {¶ 5} R.C. 2937.07 allows a judge or magistrate in misdemeanor cases to make a finding of guilty or not guilty from the explanation of circumstances of the offense after a plea of "no contest." This statute applies solely to misdemeanor offenses. Although a violation of R.C.2925.31 is ordinarily a first-degree misdemeanor, here, as previously discussed, it is a felony due to Reynolds' prior convictions for drug abuse offenses. Thus, R.C. 2937.07 is *Page 3 
inapplicable and could not have served as grounds for the trial court to find Reynolds not guilty following his no contest plea.
 {¶ 6} Crim. R. 11(B)(2) states that "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Subsection C of this rule sets out the requirements that must be complied with by the trial court prior to its acceptance of a no contest plea.
 {¶ 7} Here, Reynolds pleaded no contest to a fifth degree felony. The record clearly shows that the trial court addressed Reynolds personally and complied with all of the requirements under Crim. R. 11(C)(2) prior to accepting his no contest plea. Testimony is not required prior to accepting a no contest plea in a felony case. Crim R. 11(C)(4). Thus, an explanation of circumstances was not required in order for the trial court to accept Reynolds' no contest plea.
 {¶ 8} Reynolds also argues that R.C. 2937.07 confers a substantive right which requires an explanation of circumstances prior to a finding of guilt following a no contest plea. We have already found the statute to be inapplicable under these circumstances. Thus, an explanation of circumstances is not necessary prior to the entry of a guilty finding.
 {¶ 9} For the foregoing reasons, we find that R.C. 2937.07 is inapplicable here and that an explanation of circumstances was not required prior to the acceptance of Reynolds' no contest plea. Accordingly, the trial court did not err when it found Reynolds guilty on his plea of no contest. *Page 4 
 {¶ 10} Reynolds' First Assignment of Error is overruled.
 II {¶ 11} Reynolds' Sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1